No. 86,610

In the Matter of JAMES A. CLELAND, *Respondent.*

(27 P.3d 26)

Opinion filed July 13, 2001.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam:* This is an uncontested attorney discipline case filed by the office of the Disciplinary Administrator against the respondent, James A. Cleland, whose last registration address filed with the Clerk of the Appellate Courts is Durango, Colorado, and who is an attorney admitted to the practice of law in the State of Kansas.

The complaint filed against the respondent arises out of a final adjudication in Colorado that respondent was guilty of professional misconduct warranting disbarment. *In re Cleland,* 2 P.3d 700 (Colo. 2000). The present complaint is filed under Rule 202 (2000 Kan. Ct. R. Annot. 221).

Although the respondent was afforded notice of the filing of the formal complaint and the hearing on the formal complaint, he did not file an answer or appear before the Kansas Board for Discipline of Attorneys (Board). Further, the respondent did not appear before this court.

Rule 202 provides:

In Colorado, two attorney disciplinary proceedings were conducted. In the first proceeding on September 17, 1999, the Colorado Supreme Court found that the respondent was guilty of professional misconduct and suspended the respondent for 2 years. The suspension resulted from the breach of fiduciary responsibilities as a trustee with respect to funds which were placed with him by improperly disbursing those funds. On January 7, 2000, respondent was disbarred from the United States Court of Appeals for

the Tenth Circuit as a result of his suspension from the Colorado State Bar. In the second Colorado proceeding on May 22, 2000, the Colorado Supreme Court disbarred the respondent. The disbarment was based on different misconduct than that which resulted in the respondent's suspension for a period of 2 years. In the case which led to the respondent's disbarment, the respondent was found on numerous occasions to have misappropriated client funds.

The hearing panel of the Board found that respondent violated Kansas Rules of Professional Conduct (KRPC) 1.3 (failing to act with reasonable diligence and promptness) (2000 Kan. Ct. R. Annot. 310), 1.4(a) (failing to keep a client reasonably informed) (2000 Kan. Ct. R. Annot. 320), 1.5(a) (unreasonable fees) (2000 Kan. Ct. R. Annot. 330), 1.15(a) (failing to keep the clients' property separate from the attorney's property) (2000 Kan. Ct. R. Annot. 360), 1.15(b) (failing to deliver funds to a client) (2000 Kan. Ct. R. Annot. 360), 1.15(c) (failing to retain funds until the dispute between attorney and client was resolved) (2000 Kan. Ct. R. Annot. 360), 8.4(a) (violating the rules of professional conduct) (2000 Kan. Ct. R. Annot. 420), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) (2000 Kan. Ct. R. Annot. 420), and 8.4(g) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law) (2000 Kan. Ct. R. Annot. 420).

The panel also found that even though the formal complaint did not specifically allege a violation of Supreme Court Rule 207(b) (2000 Kan. Ct. R. Annot. 237) (aid in investigations of the Disciplinary Administrator) and Supreme Court Rule 211(b) (2000 Kan. Ct. R. Annot. 250) (answer to complaints filed by the Disciplinary Administrator), the respondent violated those rules by failing to cooperate in the disciplinary investigation, by failing to file a written answer, and by failing to appear at the hearing held on the formal complaint. The panel recommended disbarment.

This court, having considered the record, the report, and the recommendations of the disciplinary hearing panel, accepts and concurs with the findings, conclusions of law, and recommendations of the panel.

It Is THEREFORE ORDERED that respondent, James A. Cleland, be and he is hereby disbarred in accordance with Supreme Court Rule 203(a)(1) (2000 Kan. Ct. R. Annot. 224) for his violations of the KRPC and his license and privilege to practice law are hereby revoked.

It Is FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of James A. Cleland from the roll of attorneys licensed to practice law in Kansas.

It Is FURTHER ORDERED that this opinion be published in the official Kansas Reports and the costs of this action be assessed to the respondent.

DAVIS, J., not participating.